**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Ventura Diaz,**

**Civil No. 01-1413 DWF/SRN**

**Plaintiff,**

**v.**

**NOTICE OF**
**SETTLEMENT CONFERENCE**

**John Doe Nos. 1 through 5,**
**Robert Fletcher and**
**County of Ramsey,**

**Defendants.**

---

TO: Plaintiff above named and to Robert Bennet, Esq., and Eric Hageman, Esq., Gartner, Bennett & Schupp, 2200 One Financial Plaza, 120 South 6th Street, Minneapolis, MN 55402-1824, attorneys for Plaintff;

Defendants above named and to C. David Dietz, Esq., Office of the Ramsey County Attorney, 50 West Kellogg Boulevard, Ramsey County Government Center West, St. Paul, MN 55102, attorneys for Defendants.

A settlement conference will be held in the above-referenced matter on **December 11, 2001, at 9:30 a.m.,** in Suite 242, Federal Building, 316 North Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

FILED OCT 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Trial counsel shall meet in person with one another on or before **November 27, 2001,** to seek to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **December 4, 2001**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5) a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

DATED: October 29, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge